United States District Court
District of Delaware

Civil Action #05-343-S.L.R

Frederick Wade K. Brown
  Plaintiff
     VS.
Stan Taylor
Department of Correction's
Warden Thomas Carroll
Officer Terry Williams
Correctional Medical Service
   Defendants



FILED
OCT 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion For Leave To File An Amended Complaint Plaintiff Frederick Wade K. Brown Pursuant To Rule 42 U.S.C § 1983 Regust Leave To File An Amended Complaint Adding Three Parties.

The Plaintiff In his original Complaint Named Three Defendants.

Sine The Filing of This Complant The Plaintiff Has Determined That The Name's of the Defendants Are.

1) Officer Terry Williams
2) Stay Taylor
3) Correctional Medical Services

The Statement of Facts Are Amended To Reflact The Identity And The Actions of The Defendant's

Glenn vs City of Tyler 242 F 3d 307 (5th Cir 2001) Sims vs Artuz. 230 F 3d 14 (2d Cir 2001)(Significant Harm Is Not Requied); Ikard vs Blair 101 F 2 3d 430, 434 (5 Cir. 1996); Sims vs Artuz 230 F. 3d 14 (2d Cir 2000) (Significant Harm Is Not Required); Taylor vs McDuffie 155 F. 3d 479. 487 (4th Cir. 1998) Prison Guard, Soto vs Dickey 744 F. 2d 1260. 1267 (7th Cir. 1984) also Caldwell vs Moore 968 F. 2d 595. 601 (6th Cir. 1992)

See generally, Andre Sansoucy, Note Applying The Eighth Amendment To The Use of Force Against Prison Inmates 60 B.U.L. Rev 332 (1980) American Correctional Assn., Standards for Adult Correctional Institutions Standard 3-4198 (2002)(force should only be used as a last resort.) Johnston vs Lucas, 786 F.2d 1254 (5th Cir 1986)(Amount of That may be used varies with the necessities of the situation); Williams vs Henry, 596 F. Supp. 925 (N.D.Ill. 1984) Jones vs Huff, 789 F. Supp. 526 (N.D.N.Y 1992) (continued beating and stripping of an inmate after he is handcuffed is unlawful) King vs Meekins, 593 F. Supp. 59 (D.D.C. 1984).

The Supreme Court held that a Prison Guard's deliberate indifference to a known serious medical need violates the Eighth Amendment. If an individual's unauthorized denial of medical care can violate the Constitution. It is difficult to understand why an unauthorized beating should be immune. Sampley vs Ruettgers 704 F.2d 491, 495 (10th Cir. 1983). Ruiz vs Johnson, 37 F.Supp.2d 855 (S.D.Tex. 1999) Rev'd on other grounds and Remanded 243 F.3d 941 (5th Cir. 2001). Is excessive force in violation of their Eighth Amendment Rights where Inmate's presented evidence of broken jaw's, bruised faces, broken bones and other injuries shown to be the result of wholly unnecessary physical aggression by prison employees: Pattern of uncalled for "slamming, hitting and kicking" by corrections officers was found to be so prevalent as to implicate the Constitution; Cooper vs Casev, 97 F.3d 914 (7th Cir. 1996)(upholding an award of compensatory and punitive damages in the total sum of $130,000)

Boddie vs Schnieder, 105 F. 857, 861 (2ed Cir. 1997) Also See Mathie vs Fries, 935 F. Supp. 1284 (E.D.N.Y. 1996) Aff'd. 121 F. 3d 808 (2ed Cir. 1997). Where A former Inmate brought suit Claiming that the Prison director sexually abused him. Causing him Emotional distress.

Fisher vs Goord 981 F. Supp. 140 (W.D.N.Y. 1997).

Paz vs Weir, 137 F. Supp. 2d 782 (S.D. Tex. 2001).

This Court should Great leave Freely To Amended A Complaint

Date 10-3-05

Respectfully submitted

Frederick Wade. K Brown
Delaware Correction Center

Subscribed to before me
This 3rd day of October, 2005

Timothy J. Mats
Public Notary

My Commission expires: June 14th 2006





WILMINGTON DE 198
PM 05 OCT 2005

Peter T. Dalleo
Clerk Box 844
King Street U.S. Courthouse
Wilmington Delaware 19801

JIM Frederick Wade H. Brown
SBI# 305890   UNIT 23 D-U#11
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977