IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FREDERICK WADE K. BROWN,          )
                                  )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 05-343-SLR
                                  )
DEPARTMENT OF CORRECTION,         )
et al.,                           )
                                  )
          Defendants.             )

## MEMORANDUM AND ORDER

Plaintiff Frederick Wade K. Brown, SBI #305890, an inmate at

Delaware Correctional Center, brings this civil rights action

pursuant to 42 U.S.C. § 1983.  He appears pro se and on September

19, 2005, was granted in forma pauperis status pursuant to 28

U.S.C. § 1915.  (D.I. 16)  The Court now proceeds to review and

screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against

defendants Department of Correction, Warden Thomas Carroll,

Commissioner Stanley Taylor, Correctional Medical Services, and

Internal Affairs Investigator Joseph are dismissed as frivolous

pursuant to 28 U.S.C. § 1915 and § 1915A.

## I.    THE COMPLAINT

### A.   The Amendments

Plaintiff initially filed this complaint against defendants

Department of Correction ("DOC") and Warden Thomas Carroll

("Carroll").  (D.I. 1)  On October 7, 2005, an amended complaint

was filed pursuant to Fed. R. Civ. P. 15(a), identifying

additional defendants Officer Terry Williams ("Williams"),

Commissioner Stanley Taylor ("Taylor") and Correctional Medical

Services ("CMS"). (D.I. 19) In quick succession plaintiff filed

three motions to file an amended complaint. (D.I. 22, 23, 24)

The motions to amend do not contain new allegations, but seek to

clarify and/or name further additional defendants, including the

three individuals previously named in the amended complaint, as

well as Internal Affairs Investigator Joseph Richardson

("Richardson").

"After amending once or after an answer has been filed, the

plaintiff may amend only with leave of the court or the written

consent of the opposing party, but 'leave shall be freely given

when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115

(3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Accordingly, the

court grants plaintiff's motions to amend the complaint. (D.I.

22, 23, 24) The named defendants in this action are the DOC,

Warden Carroll, Williams, Commissioner Taylor, CMS, and

Richardson.

**B.  Motion for Default Judgment**

Plaintiff filed a motion for default judgment on December 5,

2005, against defendants Carroll, DOC, and CMS. (D.I. 27)

Judgment by default is appropriate when the party against whom

the judgment is sought has "failed to plead or otherwise defend"

2

against the complaint as provided by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 55(a). Because plaintiff filed the complaint pursuant to 28 U.S.C. § 1915, service of process must be made by the United States Marshal, as directed by the court. See Fed. R. Civ. P. 4(c)(2). The court has not yet directed the United States Marshal to serve the complaint in this case. Consequently, defendants Carroll, DOC and CMS have not "failed to plead or otherwise defend" against the complaint. Therefore, plaintiff's motion for default judgment (D.I. 27) is denied.

### C.  The Allegations

Plaintiff alleges that on February 26, 2005, he was assaulted and beaten by defendant Williams. Plaintiff reported the incident and was examined by a nurse. Plaintiff alleges that he was taken to "the Hole" where he received a "write up". That night plaintiff attempted suicide and was moved to the infirmary where he was placed on a suicide watch. While in the infirmary, plaintiff spoke to Lt. Porter regarding the investigation of a previous prison rape. He also complained about Williams' actions and indicated that he wanted to press charges against Williams. Lt. Porter referred plaintiff to Internal Affairs.

Two disciplinary hearings were held regarding the incident with Williams. Plaintiff was ultimately found guilty and sanctioned to 15 days in isolation. Although he indicated he

intended to appeal the sanction, the time to appeal expired without further action by plaintiff.

Plaintiff alleges that he has written letters to Warden Carroll and Internal Affairs Captain Richardson and filed grievances, and all were ignored. He also alleges he made complaints to the guards on duty, Internal Affairs and doctors and nurses. Plaintiff alleges that no action has been taken against Williams, nor has there been an investigation. Plaintiff also refers to a prison rape investigation alleging that nothing has been done to resolve the matter. Finally, plaintiff alleges that Internal Affairs has done nothing, there has been no response from the Warden, and no response to his grievances.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.    Eleventh Amendment

The DOC, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC,

because DOC is state agency and DOC did not waive Eleventh
Amendment immunity).

Plaintiff's claim against the DOC has no arguable basis in
law or in fact inasmuch as it is immune from suit. Therefore, it
is frivolous and is dismissed pursuant to 28 U.S.C.§ 1915A(b).

**B.   Due Process**

Plaintiff appears to allege that defendants Carroll and
Richardson violated his right to due process by not responding to
his letters requesting an investigation and/or the filing of
charges against Williams and an investigation into a prison rape.
Plaintiff filed copies of letters he has written as well as
grievances filed seeking redress.

Although prisoners have a constitutional right to seek
redress of grievances as part of their right of access to courts,
this right is not compromised by the failure of prison officials
to address these grievances. Booth v. King, 346 F.Supp.2d
751,761(E.D.Pa. 2004). This is because inmates do not have a
constitutionally protected right to a grievance procedure.
Burnside v. Moser, No. 04-4713, 138 Fed.Appx. 414, 415 (3d Cir.
2005). Nor does the existence of a grievance procedure confer
prison inmates with any substantive constitutional rights.
Hoover v. Watson, 886 F.Supp. 410, 418-419 (D.Del.), aff'd 74
F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate

a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ.A. 6:04CV368, 2005 WL 997317 (E.D.Tex. March 28, 2005).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances, complaints and communications were not investigated. The claims against Carroll and Richardson are dismissed as frivolous.

C.    **Pleading Deficiency**

Plaintiff provides no details regarding the alleged actions of defendants Taylor and CMS. Pro se plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). Nonetheless, plaintiff's complaint "lack[s] enough detail to ... serv[e] its function as a guide to discovery." Alston v. Parker, 363 F.3d at 253 (internal citations omitted). As currently presented, the claims against Taylor and CMS have no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. Therefore, the claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IV.  **Appointment of Counsel**

Plaintiff filed two motions for appointment of counsel. (D.I. 11, 25) Plaintiff, as a pro se litigant proceeding in

forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this Court's discretion to seek representation by counsel for plaintiff. This is done "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, the Court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments. Plaintiff's motions for appointment of counsel (D.I. 11, 25) are denied without prejudice with leave to refile upon service of defendants.

V.   **CONCLUSION**

NOW THEREFORE, at Wilmington this *15th* day of December, 2005, IT IS HEREBY ORDERED that

1.   Plaintiff's motions to amend the complaint (D.I. 22, 23,

24) are GRANTED.

2.    Plaintiff's motion for default judgment (D.I. 27) is DENIED.

3.    Plaintiff's motions for appointment of counsel (D.I. 11, 25) are DENIED without prejudice with leave to refile upon service of defendants.

4.    Plaintiff's claim against defendants Department of Correction, Warden Thomas Carroll, Commissioner Stanley Taylor, Correctional Medical Services, and Internal Affairs Investigator Joseph Richardson are frivolous and are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5.    The Court has identified a cognizable Eighth Amendment excessive force claim against defendant Officer Terry Williams. Plaintiff is allowed to PROCEED with this claim.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **defendant Terry Williams**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the**

**Court with one copy of the complaint for service upon Terry**

**Williams.  Plaintiff is notified that the United States Marshal**

**will not serve the complaint and the Motion to Amend the**

**Complaint until all "U.S. Marshal 285" forms have been received**

**by the Clerk of the Court.  Failure to provide the "U.S. Marshal**

**285" forms for the defendant(s) and the attorney general within**

**120 days from the date of this order may result in the complaint**

**being dismissed or defendant(s) being dismissed pursuant to**

**Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2

above, the United States Marshal shall forthwith serve a copy of

the complaint, this order, a "Notice of Lawsuit" form, the filing

fee order(s), and a "Return of Waiver" form upon the defendant(s)

identified in the 285 forms.

4.  Within **thirty (30) days** from the date that the "Notice

of Lawsuit" and "Return of Waiver" forms are sent, if an executed

"Waiver of Service of Summons" form has not been received from a

defendant, the United States Marshal shall personally serve said

defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said

defendant(s) shall be required to bear the cost related to such

service, unless good cause is shown for failure to sign and

return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who,

before being served with process timely returns a waiver as

requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE**: \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE**: \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_(signature)_
UNITED STATES DISTRICT JUDGE