IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK WADE K. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-343-SLR |
| | ) |
| OFFICER TERRY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

At Wilmington this _2d_ day of March, 2006;

Plaintiff Frederick Wade K. Brown, an inmate at Delaware Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on September 19, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 16)

Now before the court are plaintiff's motions for appointment of counsel. (D.I. 36, 39) Plaintiff has already filed several motions to appoint counsel. He was advised by this court on two previous occasions that motions for appointment of counsel filed prior to service would be dismissed without prejudice. (D.I. 29, 34) Despite this admonishment, plaintiff filed the two pending motions - one on February 28, 2006, and the other on February 28, 2006. On March 1, 2006, a return of waiver of service of summons for defendants Terry Williams was filed with the court. (D.I. 41)

Plaintiff seeks appointed counsel on the basis that he is incarcerated, unskilled in the law, has limited access to the law library, and appointed counsel would serve the best interests of justice. (D.I. 36) He also advises that he is unable to afford counsel. He contends that the issues in the case are complex and will require significant research and investigation. Also, he contends the case will likely involve conflicting testimony and counsel would enable him to better present evidence and cross examine witnesses.

Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, contrary to plaintiff's assertions, this is not a complex case. Moreover, plaintiff's case will most likely not require expert testimony. For these reasons, at this early stage of this case, plaintiff's motions for appointment of counsel are denied without prejudice.

IT IS ORDERED that Wade K. Brown's motions for appointment of counsel (D.I. 36, 39) are DENIED without prejudice.

                                                              UNITED STATES DISTRICT JUDGE